UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RANDY FINK,                        )
                                   )
            Petitioner,            )
          v.                       )   C.A. No. 10-40061-WGY
                                   )
JEFFREY GRONDOLSKY, Warden,        )
                                   )
            Respondent.            )

MEMORANDUM AND ORDER

YOUNG, D.J.

        On April 1, 2010, Petitioner Randy Fink ("Fink"), an inmate
in custody at FMC Devens in Ayer, Massachusetts, submitted for
filing his self-prepared petition for writ of habeas corpus
pursuant to 28 U.S.C. § 2241 and exhibits in support.[1]  Fink
styles his petition as a request for "emergency" habeas relief.[2]
The crux of his petition is that he seeks to maintain his
segregation cell in order to have access to less than two lineal
feet of legal materials, which he claims he needs on a daily
basis.  Although prison officials have informed him that the
removal of the documents from his cell was necessary because the
documents constituted a fire hazard, Fink contends that this
reason is pretextual and the real reason for the removal of his

---

[1]It is unclear whether Fink is a prisoner serving a federal
sentence or whether he has been civilly committed pursuant to 18
U.S.C. § 4245.

[2]The petition is dated February 24, 2010 and is styled as an
emergency presumably because Fink was under a filing deadline
with another court; however, the petition is date-stamped as
received by the Clerk's Office on April 1, 2010.

documents is "likely retaliatory motivated" because of an incident involving a dispute with the unit manager.  Pet. (Docket No. 1 at 2, n.1).

Further, Fink contends his legal materials and property will be destroyed and that these materials have significant evidentiary value and that they are needed in order for him to file an exigent complaint against officers of the United States.[3] While his underlying claims are not entirely clear, it appears he has complaints regarding the prison staff's alleged tampering with his legal mail, the denial of photocopies, and the alleged interference with his medical prescriptions, which resulted in his placement in segregation for 22 months.[4]

Additionally, an exhibit attached to the petition references Fink's challenges to his criminal conviction for maintaining a building for the cultivation of marijuana.[5]  He alleges a governmental fraud and vast cover-up with respect to his attempts to challenge the use of an "aerial forward looking infrared"

---

[3]In his supplemental pleading (Docket No. 2), Fink references a completed petition for writ of certiorari that he was unable to file with the Clerk's Office for the United States Supreme Court.

[4]Fink asserts the issue regarding the prescriptions has now been resolved.

[5]See United States v. Fink, 248 F.3d 1182 (11th Cir. 2001) (affirming conviction from the United States District Court for the Southern District of Florida, No. 96-00289-cr-DMMk), cert. denied, Fink v. United States, 534 U.S. 1117 (2002).

videotape as evidence.   <u>Id.</u> at 9-10.[6]   Fink seeks to have the videotape forensically examined by experts from the Cato Institute.

As relief in this action, Fink seeks a preliminary injunction prohibiting the removal of two lineal feet of legal materials in his possession, and an order directing that photocopies of legal materials be provided to him.[7]

Thereafter, on April 10, 2010, Fink filed a pleading entitled "Supplemental Emergency Writ of Habeas Corpus" (Docket No. 2), in which he reiterates his request for an emergency preliminary injunction.   He seeks an Order compelling the Respondent to "reunite Petitioner with his legal materials/property being unlawfully harbored in the segregation property storage room [absent] his undersigning of the property inventory form."   <u>Id.</u> at 5.

Fink did not pay the filing fee for this action, nor did he file a motion for leave to proceed without prepayment of the filing fee.

_____

[6]Fink contends that exculpatory visual information collected on the videotape was removed and replaced with temperature white particles over the entire screen, as allegedly was done in connection with the Waco, Texas incident.

[7]Attachments to the petition reveal that Fink filed grievances on March 6, 2010; however, the nature of his administrative claims is not clear, nor is it known whether Fink completely exhausted his administrative remedies.

DISCUSSION

I.   The Filing Fee

As an initial matter, this action is subject to dismissal because Fink failed to satisfy the filing fee requirements of this Court.

A party filing a habeas action in this Court must either (1) pay the $5.00 filing fee for habeas corpus actions; or (2) seek leave to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings *in forma pauperis*).  Any motion for leave to proceed without prepayment of the filing fee must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."  Rule 3(a)(2) of the Rules Governing Section 2254 cases.[8]

Ordinarily, the Court would permit a litigant an opportunity to pay the filing fee or to file an application to proceed without prepayment of fees (along with his prison account statement); however, the Court need not do so here because this action is being dismissed *sua sponte* for the reasons set forth below.

---

[8]The rules governing petitions brought pursuant to 28 U.S.C. § 2254 cases may be applied at the discretion of the district court to other habeas petitions.  See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254.

II.   <u>Screening of the Section 2241 Habeas Petition</u>

Although this petition was brought pursuant to Section 2241 of Title 18 and not pursuant to Section 2254, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions.  <u>See</u> Rule 1(b) of the Rules Governing Section 2254 proceedings; <u>Boutwell v. Keating</u>, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (district court acted within its discretion by applying Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); <u>Perez v. Hemingway</u>, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4(b) of the Rules Governing Section 2254 proceedings, the Court is required to examine a petition, and if it "plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal."  Rule 4(b); <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); <u>Mahoney v. Vondergritt</u>, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254 petition).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  <u>Marmol v. Dubois</u>, 855 F. Supp. 444, 446 (D. Mass. 1994).

Similarly, under 28 U.S.C. § 2243, if "it appears from the application [for a writ of habeas corpus] that the applicant ... is not entitled [to the writ]," the district court is not required to order the respondent "to show cause why the writ [of habeas corpus] should not be granted." 28 U.S.C. § 2243; see also Marmol, 855 F. Supp. at 446.

Although the instant petition is entitled to a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972)(holding that *pro se* litigants are entitled to liberal construction of their pleadings), the petition must be dismissed *sua sponte* because it plainly appears from the face of the petition that petitioner is not entitled to § 2241 habeas relief in this district court, for the reasons discussed below.

III. Claims Regarding Access to Legal Materials Are Not
     Cognizable in the Habeas Context

As a general matter, habeas corpus proceedings are the proper mechanism for challenging the "legality or duration" of confinement. See Preiser v. Rodriguez, 411 U.S. 475, 484-499 (1973); Rael v. Williams, 223 F.3d 1153, 1154-1155 (10th Cir. 2000)(federal claims challenging the conditions of his confinement generally do not arise under § 2241). By contrast, a civil (non-habeas) action is the proper method of challenging "conditions of confinement," such as the claims raised by Fink challenging his right to retain his legal materials on a continual basis, and his right to legal photocopies.

6

In short, while Fink may be asserting a due process claim based on the denial of access to the Court and grounded in allegations of retaliatory motivation, this is not in the nature of a habeas claim, nor is the injunctive relief sought habeas in nature.  This Court cannot reasonably infer a sufficient nexus exists between the relief sought and Fink's continued custody.[9]

The Court will not, *sua sponte*, convert this to a civil, non-habeas action for a number of reasons.  First, Fink clearly has filed this matter as a habeas petition and not as a civil Complaint, and his choice of pleading should stand.  <u>See</u> <u>Toolasprashad v. Grondolsky</u>, 570 F. Supp. 2d 610, 629-631 n.28 (D.N.J. 2008)(discussing differences between a § 2241 habeas petition and non-habeas actions, and noting that "[b]ecause of these differences, the courts generally do not *sua sponte* re-characterize a habeas pleading as a civil rights complaint.").

---

[9]Even if Fink were somehow alleging that he should be placed back in segregation or in some other location within FMC Devens so that he may retain his legal documents, he has failed to show that any constitutional liberty interest is implicated by the failure to do so.  Prison administrators are afforded broad deference in the adoption and execution of policies and practices necessary, in their judgment, to maintain institutional security. <u>Bell v. Wolfish</u>, 441 U.S. 520, 547-48 (1979).  <u>See generally</u> <u>Meachum v. Fano</u>, 427 U.S. 215 (1976)(due process clause does not limit inter-prison transfer even when new institution is much more disagreeable); <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995). (no due process violation regarding prisoner placement so long as there is no "atypical and significant hardship in relation to the ordinary incidents of prison life.") *cf.* <u>Rhodes v. Chapman</u>, 452 U.S. 337, 349 (1981) (the Constitution does not mandate comfortable prisons).

Second, he has named Warden Grondolsky as a party to this action. In a civil action challenging his access to the courts (*i.e.*, the retention of legal materials and legal photocopies), Fink must identify as the defendants those individuals <u>directly</u> liable for the alleged constitutional violation.  Liability under <u>Bivens</u>[10] is not vicarious; thus, unless there is some direct basis for liability, claims against Warden Grondolsky are not plausible.[11]

Third, if Fink is a "prisoner" as defined by 28 U.S.C. § 1915(h)(as opposed to a civilly committed inmate), he is

---

[10]<u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) (establishing a private cause of action for a plaintiff to vindicate certain constitutional violations against federal officials in their individual capacities).

[11]<u>See, e.g.</u>, <u>Estate of Rosenberg by Rosenberg v. Crandell</u>, 56 F.3d 35, 37 (8th Cir. 1995) (no *respondeat superior* liability under <u>Bivens</u>); <u>Capozzi v. Department of Transp.</u>, 135 F. Supp. 2d 87, 98 (D. Mass. 2001) (citing <u>Ruiz Rivera v. Riley</u>, 209 F.3d 24, 28 (1st Cir. 2000)).  "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'" under § 1983 (or, by extension, <u>Bivens</u>).  <u>Velez-Rivera v. Agosto-Alicea</u>, 437 F.3d 145, 156 (1st Cir. 2006) (quoting <u>Cepero-Rivera v. Fagundo</u>, 414 F.3d 124, 129 (1st Cir. 2005)).  "[In civil rights actions], 'supervisors are not automatically liable for the misconduct of those under their command.  A plaintiff must show an affirmative link between the subordinate [employee] and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.'" <u>Id.</u> (quoting <u>Carmona v. Toledo</u>, 215 F.3d 124, 132 (1st Cir. 2000)).  <u>See</u> <u>Pinto v. Nettleship</u>, 737 F.2d 130, 132 (1st Cir. 1984) (liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights). The mere operation of a prison, without more, is insufficient to establish personal liability.  <u>Estate of Rosenberg by Rosenberg</u>, 56 F.3d at 37 ("The general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability.").

subject to the requirement that he properly exhaust administrative remedies before filing suit.  While exhaustion does not have to be affirmatively alleged by Fink, there is no evidence that he has, in fact, completely exhausted his prison remedies with respect to his legal materials dispute.  Thus, to avoid any possible prejudice to him in filing suit, this Court will not convert this action.  Should Fink seek to assert a non-habeas civil action regarding his documents and photocopies, he must file a separate civil action in accordance with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.[12]  As pled, the habeas petition does not comport with these requirements.

One final point.  Should Fink seek to assert a non-habeas civil action, he must, at the time of filing any Complaint,

---

[12]Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005).  It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). See also Redondo-Borges v. U.S. Dept. of Housing and Urban Dev., 421 F.3d 1, 5 (1st Cir. 2005).  "In a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).

either pay the $350.00 filing fee for civil actions, or file an
application to proceed without prepayment of the filing fee,
accompanied by his certified prison account statement for the
six-month period preceding the filing of the Complaint.  See 28
U.S.C. § 1915(a)(2)(a motion for waiver of prepayment of the
filing fee must be accompanied by "a certified copy of the trust
fund account statement (or institutional equivalent) for the
prisoner for the 6-month period immediately preceding the filing
of the complaint . . . obtained from the appropriate official of
each prison at which the prisoner is or was confined.").[13]

In light of the above, any habeas claims grounded upon
Fink's inability to retain his legal documents or photocopies is
denied.

IV.   The Savings Clause of Section 2255 is Not Applicable

Public records indicate that Fink previously filed motions

---

[13]Unlike other civil litigants, prisoner plaintiffs (as
defined by 28 U.S.C. § 1915(h)) are not entitled to a complete
waiver of the $350.00 filing fee, notwithstanding the grant of *in
forma pauperis* status.  Based on the information contained in the
prison account statement, the Court will direct the appropriate
prison official to withdraw an initial partial payment from the
plaintiff's account, followed by payments on a monthly basis
until the entire $350.00 filing fee is paid in full.  See 28
U.S.C. § 1915(b)(1)-(2).  Even if the action is dismissed upon a
preliminary screening, see 28 U.S.C. §§ 1915(e)(2), 1915A, the
plaintiff remains obligated to pay the fee, see McGore v.
Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1)
compels the payment of the fee at the moment the complaint is
filed).  If Fink is not a "prisoner," this Court still would
require some evidence of the amount of funds in his inmate
account at the time of filing of any *in forma pauperis* request.

to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, as well as a petition for writ of habeas corpus and a Rule 60(b) motion.  All of these attacked, unsuccessfully, his conviction and sentence.[14]

In his exhibits attached to the instant habeas petition, Fink asserts challenges to the validity of his conviction and sentence in the United States District Court for the Southern District of Florida; however, his request for relief in this case relates <u>solely</u> to the issue of the retention of his legal documents and his request for photocopies of legal materials. Fink does not specifically seek release from custody on the grounds that his continued detention is unlawful because of alleged governmental fraud and cover-up with respect to the videotape evidence and other matters.

In light of this, the Court cannot consider that he has presented a challenge to his conviction and sentence that is properly raised in this petition.  Nevertheless, even if this

---

[14]<u>See</u> <u>United States v. Fink</u>,1: 09-cr-02289-DMM (S.D. Fla (Miami))(Motion to vacate under 28 U.S.C. § 2255 filed on June 19, 2006 (Docket No. 300) and on Dec. 15, 2006 (Docket No. 301), filings opened as a civil case, No. 06-23034-cv-DMM); <u>Fink v. United States</u>, 1: 06-23034-cv-DMM (S.D. Fla (Miami))(upon Order of Dec. 18, 2006 by Magistrate Judge White, the Clerk opened a new case pursuant to 28 U.S.C. § 2255); <u>Fink v. United States</u>, No. 1:05-cv-20734-DMM (S.D. Fla (Miami))(Order, Docket No. 82 denying Rule 60(b) motion and discussing history of collateral attacks).  <u>See also</u> <u>Fink v. United States</u>, No. 06-21553-cv-DMM (dismissing without prejudice and finding case should not have been opened as a § 2255 motion).

Court were to construe the pleadings broadly to presume that Fink

is also attempting to raise a challenge to his conviction and

sentence (rather than viewing these materials as filed in support

of a claim that he plans to prosecute a civil action and

therefore needs his legal materials), Fink's petition is not

cognizable because he may not use the savings clause of

§ 2255[15] to bring a collateral habeas attack under § 2241.

   Although under § 2241 the district court has the power to

issue a writ if a prisoner is in custody "in violation of the

Constitution or laws or treaties of the United States," 28 U.S.C.

§ 2241, the case law is clear that the proper vehicle for a

collateral challenge to a criminal conviction and/or sentence is

generally through a motion filed under 28 U.S.C. § 2255 with the

sentencing court.  Here, however, § 2255 relief is not available

to Fink because any motion would be second or successive, and as

---

[15]The "savings clause" of § 2255 provides that:

"[a]n application for a writ of habeas corpus...shall
not be entertained if it appears that the applicant has
failed to apply for relief, by motion, to the court
which sentenced him, or that such court has denied him
relief, unless it also appears that the remedy by
motion is inadequate or ineffective to test the
legality of his detention.

28 U.S.C. § 2255(e).  The United States Court of Appeals for the
First Circuit has held that the savings clause is narrow in scope
and may only be invoked on rare occasions.  See United States v.
Barrett, 178 F.3d 34, 38 (1st Cir. 1999)(explaining that a
federal prisoner "cannot evade the restrictions of § 2255 by
resort to the habeas statute, 28 U.S.C. § 2241, or the All Writs
Act, 28 U.S.C. § 1651"), cert. denied, 528 U.S. 1176 (2000).

such, could not be reviewed by this Court absent permission from
the court of appeals.[16]

Without belaboring the matter, the Court finds that Fink has
not set forth any basis whatsoever for invocation of the savings
clause so as to authorize a habeas challenge to his conviction or
sentence under § 2241.  Accordingly, to the extent that Fink
raises challenges to his conviction or sentence in this petition,
these are denied.

V.    The Request for Preliminary Injunctive Relief

In view of the above, Fink's habeas petition is dismissed
and his request for preliminary injunctive relief with respect to
retention of legal materials and photocopies (as contained in his
petition and supplemental petition), is denied.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.    The emergency petition for writ of habeas corpus is DENIED;

_____

[16]"A second or successive motion must be certified as
provided in section 2244 by a panel of the appropriate court of
appeals to contain (1) newly discovered evidence...; or (2) a new
rule of constitutional law, made retroactive to cases on
collateral review by the Supreme Court, that was previously
unavailable." 28 U.S.C. § 2255(h)(1)(2).  See Norton v. United
States, 119 F. Supp. 2d 43, 44 n.1 (D. Mass. 2000) (a petition is
"second or successive" when a previous habeas petition has been
decided on the merits); cf. Sustache-Rivera v. United States,
221 F.3d 8, 12-13 (1st Cir. 2000).  Section § 2244 (b)(3)
provides that before a second or successive petition is filed in
the district court, the petitioner must move in the court of
appeals for an order authorizing the district court to consider
the application.  Id.; 28 U.S.C. § 2244(b)(3).

2.   Petitioner's request for preliminary injunctive relief is
     DENIED; and

3.   This action is DISMISSED *sua sponte*.  A separate Order for
     Dismissal shall enter.


SO ORDERED.


<u>April 7, 2010</u>                  <u>/s/ William G. Young</u>
DATE                          UNITED STATES DISTRICT JUDGE